**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

VOLKYRI MCATEE,

     Plaintiff,                         CASE NO.:

-vs-

RUSHMORE SERVICE CENTER.,

     Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Volkyri Mcatee (hereinafter "Plaintiff"), by and through the undersigned counsel, and sues Defendant, Rushmore Service Center., (hereinafter "Rushmore") and in support thereof respectfully alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION AND VENUE

1.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the FDCPA.

2.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of the FDCPA.

3.      The alleged violations described herein occurred in Memphis, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

4.      Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Memphis, Tennessee.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

6.      Rushmore Service Center is a corporation with its principal place of business located at 3820 N. Louise Ave. Sioux Falls, SD 57107 which conducts business in the State of Tennessee under the registered agent Corporation Service Company, located at 2908 Poston Ave, Nashville, TN 37203.

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

8.      The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. § 1692(a)(5).

9.      Rushmore Service Center has repeatedly contacted Plaintiff regarding an alleged debt it is attempting to collect.  The debt is alleged to have been owed by Plaintiff's late father who passed away in June 2020.  Plaintiff has repeatedly informed Defendant that her dad is deceased, but Defendant continues to call Plaintiff to collect the debt.

10.     Plaintiff has never had any account or business dealings with Rushmore and is not obligated to pay the debt for her deceased father in any capacity.

11.     Throughout 2020, Plaintiff communicated on several occasions with Rushmore informing them that her father was deceased. Defendant continued to harass Plaintiff by contacting her phone in attempts to collect the alleged debt.

12.     Defendant repeatedly requested Plaintiff to pay the alleged debt, which Plaintiff refused to pay and repeatedly reminded Defendant that the alleged debt was her deceased father's and to stop contacting her.

13.     Despite these efforts, Defendant refused to cease and desist with its collection efforts.

14.     Defendant has reached out to Plaintiff by phone over one hundred (100) times in efforts to collect the alleged debt.

15.     Plaintiff has repeatedly advised Defendant that the underlying account does not belong to her to no avail.

16.     Defendant is still attempting to collect the underlying alleged debt from Plaintiff despite being repeatedly put on notice that the debt does not belong to Plaintiff.

17.     As a result of the actions of the Defendant, Plaintiff has suffered from a waste of her personal time.

18.     As a result of the actions of the Defendant, Plaintiff has suffered from emotional distress as she is constantly reminded of her father's passing.  Plaintiff is incredibly upset at the insensitivity demonstrated by Defendant's agents when attempting to collect the debt.

19.     As a result of the actions of the Defendant, Plaintiff has suffered from depression, frustration, anger, and sleeplessness.

## COUNT I
**(Violation of the FDCPA)**

20.    Plaintiff fully incorporates and re-alleges paragraphs one (1) through nineteen (19) as if fully set forth herein.

21.    At all times relevant to this action Rushmore is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

22.    Defendant has violated 15 U.S.C. § 1692(f)(1) by attempting to collect a debt not authorized by agreement or by law. Specifically, Defendant knows the underlying alleged debt does not belong to Plaintiff, but continues to illegally attempt to collect the alleged debt from Plaintiff.

23.    Defendant has violated 15 U.S.C. § 1692(d) by engaging in conduct that the natural consequence is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.   Defendant has caused Plaintiff's telephone to ring and has engaged Plaintiff in telephone conversations repeatedly and continuously despite Plaintiff's request for the calls to stop.

24.    Defendant repeatedly has caused emotional pain to Plaintiff by constantly reminding her of her dad's passing and to make matters worse, to collect money from her when she does not owe the debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully Submitted,

_____

Frank H. Kerney, III, Esquire
Octavio "Tav" Gomez, Esquire
Tennessee Bar #: 035859
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tele: (813) 225-6745
Fax:   (813) 223-5402
Primary Email: Fkerney@forthepeople.com
Secondary Email: Tgomez@forthepeople.com
Noticed Email: dgagliano@forthepeople.com
Attorney for Plaintiff